UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

LAVONNA GADLEY,                               Case No. 96-CV-60367
                                                      HON. GEORGE CARAM STEEH

        Defendant,

and

COMERICA BANK,

        Garnishee.
_____/

### ORDER DENYING DEFENDANT'S WRITTEN REQUEST (#28) FOR GARNISHMENT HEARING

Defendant Lavonna Gadley, appearing pro se, requests a garnishment hearing relative to garnishee Comerica Bank. On April 4, 1997, Federal District Judge Barbara Hackett entered default judgment against defendant in the amount of $4,518.32 plus interest for student loan debts. On November 19, 2005, the Clerk entered a writ of continuing garnishment with respect to garnishee Comerica Bank for $6,943.03 owing on the judgment debt as of November 21, 2005.

Defendant filed the instant request on December 8, 2005, checking boxes on a form indicating garnishment exemptions under the Bankruptcy Code which include equity in a residence, equity in a motor vehicle, jewelry, personal property, and equity in implements and professional tools. Defendant asserts she believes neither her checking account with Comerica Bank nor her "payroll" with Comerica Bank are subject to garnishment "due to my approved bankruptcy case # 05-59535-SWR." Defendant also asserts that she will suffer "hardship as a single parent and sole financial provider in the home." Attached to her request for a hearing are documents related to defendant's bankruptcy, including a November 18, 2005 Order entered by United States Bankruptcy Judge Steven W. Rhodes

granting defendant a discharge in bankruptcy.

Defendant has not proffered evidence that Bankruptcy Judge Rhodes discharged her student loans upon an express determination of undue hardship under 11 U.S.C. § 523(a)(8). Absent such a determination, defendant's November 18, 2005 discharge in bankruptcy did not discharge her student loan debt. Id. Defendant's argument of undue hardship is misdirected to this court as the subject of a garnishment proceeding. Further, defendant fails to articulate whether Comerica Bank is in control and possession of equity in defendant's residence, equity in defendant's motor vehicle, jewelry, personal property, and/or equity in implements and professional tools. A garnishment hearing is simply unnecessary in the absence of any indication that Comerica Bank is in possession and control of exempt property. Accordingly,

Defendant's request for a garnishment hearing relative to garnishee Comerica Bank is hereby DENIED, without prejudice. Defendant may renew the request on proffering evidence that the judgment debt representing unpaid student loan obligations was discharged by Bankruptcy Judge Rhodes on an express determination of undue hardship under 11 U.S.C. § 523(a)(8), or that garnishee Comerica Bank is in possession and control of an asset that is otherwise exempt from garnishment.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 12, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

2